B 5 (Official Form 5) (12/07)

# UNITED STATES BANKRUPTCY COURT
## Middle District of Florida

**INVOLUNTARY PETITION**

| IN RE (Name of Debtor – If Individual: Last, First, Middle) | ALL OTHER NAMES used by debtor in the last 8 years (Include married, maiden, and trade names.) |
|---|---|
| Church Street Concepts, LLC | Mako's<br>23<br>Backroom<br>OakRoom |

| Last four digits of Social-Security or other Individual's Tax-I.D. No./Complete EIN (If more than one, state all.): 510547511 | |

| STREET ADDRESS OF DEBTOR (No. and street, city, state, and zip code)<br><br>27 W. Church St.<br>Orlando, FL 32801 | MAILING ADDRESS OF DEBTOR (If different from street address) |
|---|---|

| COUNTY OF RESIDENCE OR PRINCIPAL PLACE OF BUSINESS<br>Orange ZIP CODE 32801 | ZIP CODE |

LOCATION OF PRINCIPAL ASSETS OF BUSINESS DEBTOR (If different from previously listed addresses)

CHAPTER OF BANKRUPTCY CODE UNDER WHICH PETITION IS FILED

☑ Chapter 7    ☐ Chapter 11

## INFORMATION REGARDING DEBTOR (Check applicable boxes)

**Nature of Debts**
(Check **one** box.)

Petitioners believe:

☐ Debts are primarily consumer debts
☑ Debts are primarily business debts

**Type of Debtor**
(Form of Organization)

☐ Individual (Includes Joint Debtor)
☑ Corporation (Includes LLC and LLP)
☐ Partnership
☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

_____

**Nature of Business**
(Check **one** box.)

☐ Health Care Business
☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51)(B)
☐ Railroad
☐ Stockbroker
☐ Commodity Broker
☐ Clearing Bank
☑ Other
   Bar Nightclub

### VENUE

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in the District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ A bankruptcy case concerning debtor's affiliate, general partner or partnership is pending in this District.

### FILING FEE (Check one box)

☑ Full Filing Fee attached

☐ Petitioner is a child support creditor or its representative, and the form specified in § 304(g) of the Bankruptcy Reform Act of 1994 is attached.
*[If a child support creditor or its representative is a petitioner, and if the petitioner files the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.]*

### PENDING BANKRUPTCY CASE FILED BY OR AGAINST ANY PARTNER OR AFFILIATE OF THIS DEBTOR (Report information for any additional cases on attached sheets.)

| Name of Debtor | Case Number | Date |
|---|---|---|
| Relationship | District | Judge |

### ALLEGATIONS
(Check applicable boxes)

COURT USE ONLY

1. ☑ Petitioner(s) are eligible to file this petition pursuant to 11 U.S.C. § 303 (b).
2. ☑ The debtor is a person against whom an order for relief may be entered under title 11 of the United States Code.
3. a. ☑ The debtor is generally not paying such debtor's debts as they become due, unless such debts are the subject of a bona fide dispute as to liability or amount;
   or
   b. ☐ Within 120 days preceding the filing of this petition, a custodian, other than a trustee receiver, or agent appointed or authorized to take charge of less than substantially all of the property of the debtor for the purpose of enforcing a lien against such property, was appointed or took possession.

**TRANSFER OF CLAIM**

☐ Check this box if there has been a transfer of any claim against the debtor by or to any petitioner. Attach all documents that evidence the transfer and any statements that are required under Bankruptcy Rule 1003(a).

**REQUEST FOR RELIEF**

Petitioner(s) request that an order for relief be entered against the debtor under the chapter of title 11, United States Code, specified in this petition. If any petitioner is a foreign representative appointed in a foreign proceeding, a certified copy of the order of the court granting recognition is attached.

Petitioner(s) declare under penalty of perjury that the foregoing is true and correct according to the best of their knowledge, information, and belief.

| | |
|---|---|
| x _[signature]_ | x _P. Hill_   9/23/10 |
| Signature of Petitioner or Representative (State title) | Signature of Attorney                    Date |
| Douglas Long        9-23-10 | Wolff, Hill, McFarlin & Herron, PA |
| Name of Petitioner     Date Signed | Name of Attorney Firm (If any) |
| | 1851 W. Colonial Dr., Orlando, FL 32804 |
| Name & Mailing Address of Individual Signing in Representative Capacity  _____ | Address |
| | (407) 648-0058 |
| | Telephone No. |
| x _[signature]_ | x _P. Hill_   9/23/10 |
| Signature of Petitioner or Representative (State title) | Signature of Attorney                    Date |
| Dal Kim        9/23/2010 | Wolff, Hill, McFarlin & Herron, PA |
| Name of Petitioner     Date Signed | Name of Attorney Firm (If any) |
| | 1851 W. Colonial Dr., Orlando, FL 32804 |
| Name & Mailing Address of Individual Signing in Representative Capacity  _____ | Address |
| | (407) 648-0058 |
| | Telephone No. |
| x | x |
| Signature of Petitioner or Representative (State title) | Signature of Attorney                    Date |
| | Wolff, Hill, McFarlin & Herron, P.A. |
| Name of Petitioner     Date Signed | Name of Attorney Firm (If any) |
| | 1851 W. Colonial Dr., Orlando, FL 32804 |
| Name & Mailing Address of Individual Signing in Representative Capacity  _____ | Address |
| | (407) 648-0058 |
| | Telephone No. |

**PETITIONING CREDITORS**

| Name and Address of Petitioner | Nature of Claim | Amount of Claim |
|---|---|---|
| Douglas Long, 12540 Park Ave, Windermere, FL 34786 | Promissory Note | 147,374.95 |
| Dal Kim, 2309 Ridgewind Way, Windermere, FL 34786 | Promissory Note | 70,000.00 |
| | | |
| Note: If there are more than three petitioners, attach additional sheets with the statement under penalty of perjury, each petitioner's signature under the statement and the name of attorney and petitioning creditor information in the format above. | Total Amount of Petitioners' Claims | 417,374.95 |

_____ continuation sheets attached

**TRANSFER OF CLAIM**
☐ Check this box if there has been a transfer of any claim against the debtor by or to any petitioner. Attach all documents that evidence the transfer and any statements that are required under Bankruptcy Rule 1003(a).

**REQUEST FOR RELIEF**
Petitioner(s) request that an order for relief be entered against the debtor under the chapter of title 11, United States Code, specified in this petition. If any petitioner is a foreign representative appointed in a foreign proceeding, a certified copy of the order of the court granting recognition is attached.

Petitioner(s) declare under penalty of perjury that the foregoing is true and correct according to the best of their knowledge, information, and belief.

| x_____ | x_____ |
|---|---|
| Signature of Petitioner or Representative (State title) | Signature of Attorney     Date |
| Douglas Long | Wolff, Hill, McFarlin & Herron, PA |
| Name of Petitioner     Date Signed | Name of Attorney Firm (If any) |
| | 1851 W. Colonial Dr., Orlando, FL 32804 |
| Name & Mailing Address of Individual Signing in Representative Capacity | Address |
| | (407) 648-0058 |
| | Telephone No. |

| x_____ | x_____ |
|---|---|
| Signature of Petitioner or Representative (State title) | Signature of Attorney     Date |
| Dal Kim | Wolff, Hill, McFarlin & Herron, PA |
| Name of Petitioner     Date Signed | Name of Attorney Firm (If any) |
| | 1851 W. Colonial Dr., Orlando, FL 32804 |
| Name & Mailing Address of Individual Signing in Representative Capacity | Address |
| | (407) 648-0058 |
| | Telephone No. |

| x /s/ [signature] | x /s/ Peter N. Hill   9/23/10 |
|---|---|
| Signature of Petitioner or Representative (State title) | Signature of Attorney     Date |
| Gerald Samuels     27 Sept. 2010 | Wolff, Hill, McFarlin & Herron, P.A. |
| Name of Petitioner     Date Signed | Name of Attorney Firm (If any) |
| GERALD SAMUELS. | 1851 W. Colonial Dr., Orlando, FL 32804 |
| 5 SALTERNS POINT. | Address |
| Name & Mailing Address of Individual Signing in Representative Capacity | (407) 648-0058 |
| 36 SALTERNS WAY | Telephone No. |
| POOLE. BH14 8LN ENGLAND | |

**PETITIONING CREDITORS**

| Name and Address of Petitioner | Nature of Claim | Amount of Claim |
|---|---|---|
| Douglas Long, 12540 Park Ave, Windermere, FL 34786 | Promissory Note | 147,374.95 |
| Dal Kim, 2309 Ridgewind Way, Windermere, FL 34786 | Promissory Note | 70,000.00 |
| Gerald Samuels (address on separate sheet attached) | Promissory Note | 200,000.00 |
| Note: If there are more than three petitioners, attach additional sheets with the statement under penalty of perjury, each petitioner's signature under the statement and the name of attorney and petitioning creditor information in the format above. | Total Amount of Petitioners' Claims | 417,374.95 |

_____ continuation sheets attached

Gerald Samuels
5 Salterns Point
36 Salterns Way,
Lilliput, Poole
Dorset
BH14 8LN
UK

    I, Gerald Samuels, intend that this be accepted as my signed statement under Federal Rule of Bankruptcy Procedure 1003(a) that my claim against the Debtor in the principal amount of $200,000 was not transferred to me for the purpose of commencing this case. The Debtor, as maker, issued to London Meridian International, LLC ("London Meridian") a promissory note in the amount of $200,000. London Meridian owed me $150,000. London Meridian was unable to pay me the money it owed me. London Meridian offered to assign to me the $200,000 promissory note issued to it by the Debtor in full satisfaction of London Meridian's debt to me. I accepted the offer, and the promissory note was assigned to me approximately one year ago.

DATED this 27 day of September, 2010 in the United Kingdom.

                                                  Gerald Samuels

# Assignment of Secured Promissory Note and Guaranty

THIS ASSIGNMENT OF SECURED PROMISSORY NOTE AND GUARANTY ("Assignment") is entered into between London Meridian International, LLC, a Florida limited liability company ("Assignor") and the below-identified assignee ("Assignee") on October 1st, 2009 (collectively the "parties").

## Background Recitals

A. On or about December 3, 2007, London Meridian International, LLC loaned Church Street Concepts, Inc ("obligor") the sum of $200,000.00. The loan was memorialized by that certain Promissory Note and Security Agreement dated December 3, 2007 executed by an officer of Church Street Concepts, Inc. as the "Maker" in favor of London Meridian International, LLC as the "Lender" (the "Note").

B. Mako's Orlando, Inc. has guaranteed repayment of the Note under that certain Guaranty dated December 3, 2007 ("Guaranty").

C. The Guaranty and related UCC-1 Financing Statement are duly recorded in the Florida Secretary of State's Secured Transactions Registry as Document No. 200809644175.

D. The Note is the subject of that certain Convertible Note Agreement dated December 3, 2007 between Church Street Concepts, Inc. and London Meridian International, LLC. But, London Meridian International's right to convert shares under the Convertible Note Agreement is not assignable to those who were not members of London Meridian International, LLC as of December 3, 2007.

E. On the terms and conditions stated below, London Meridian International, LLC desires to assign the Note and Guaranty to the Assignee and the Assignee desires to accept such assignment.

F. It is the parties' understanding that the Note and Guaranty are valid, binding, and enforceable negotiable instruments under the Florida enactment of the Uniform Commercial Code. The parties believe that assignment of the Note and Guaranty will not materially change the duty of the obligor or guarantor, nor will either materially increase the burden or risk imposed on either the obligor or guarantor under their contracts; assignment of the Note and Guaranty is not forbidden by statute; public policy considerations will not operate to make the Note and Guaranty ineffective; and, the assignment is not validly precluded by contract.

## Terms and Conditions

NOW, THEREFORE, in consideration of the sum of $10.00 paid in hand and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Assignor and Assignee agree as follows:

1. **Assignment.** Assignor assigns to Assignee all of Assignor's right, title, and interest in and to the Note and Guaranty, the original executed versions of which are attached hereto as Exhibit A.

2. **No Recourse.** There shall be no recourse against Assignor in the event that the obligor or guarantor fail to comply with their respective obligations under the Note and Guaranty or those instruments prove unenforceable for any reason.

Assignor Initials: ＡＭ

Assignee Initials: ＪＳ

3. **Disclaimer.** Assignor makes no warranties and representations under this Assignment or otherwise. The parties hereby acknowledge and agree that Assignor and its representatives have made no warranties or representations regarding the obligor, guarantor, Note or Guaranty of any kind. Any such warranties or representations that might have been made previously are hereby disclaimed.

4. **Indemnity.** Assignee agrees to indemnify, defend, and hold Assignor harmless against any liabilities, losses, damages, including but not limited to punitive damages, claims, settlement payments, costs and expenses, interest, awards, judgments, diminutions in value, fines, fees, and penalties, or other charges arising out of or relating to this Assignment, the Note, or the Guaranty and any court filing fees, court costs, arbitration fees or costs, witness fees, and all other fees and costs of investigating and defending or asserting any claim for indemnification under this Assignment, the Note, and the Guaranty or their attachments, including but not limited to, in each case, attorneys' fees, other professionals' fees, and disbursements.

5. **No Third-Party Beneficiaries.** This Assignment does not and is not intended to confer any right or remedies upon any person or entity other than the Assignor and Assignee.

6. **Governing Law, Jurisdiction and Venue.** This Assignment shall be construed in accordance with, and governed by, the laws of the State of Florida. The parties consent to the jurisdiction of the federal and state courts of Florida. The adjudication of any claim or controversy arising out of or connected with this Assignment shall have exclusive venue in Orange County, Florida.

7. **Waiver and Amendment.** No supplement, modification, or amendment of this Assignment shall be binding unless executed in writing by all the parties. No waiver of any of the provisions of this Assignment by a party shall be deemed, or shall constitute, a waiver of any other provision, whether or not similar, nor shall any waiver constitute a continuing waiver. No waiver by a party shall be binding unless executed in writing by the party against whom enforcement of the wavier is sought.

8. **Further Assurances.** At any time and from time to time, upon the written request of Assignee, and at the sole expense of the Assignee, the Assignor shall promptly and duly execute and deliver any and all further instruments, documents and agreements, and take any and all further actions, as the Assignee may reasonably deem desirable to obtain the full benefits of this Assignment and of the rights and powers granted to the holder of the Note and Guaranty per this Assignment.

9. **Integrated Agreement.** This Assignment constitutes the entire agreement between the parties pertaining to the subject matter contained in it and supersedes all prior and contemporaneous agreements, representations, and understandings of the parties.

10. **Interpretation.** The subject headings of the paragraphs and subparagraphs of this Assignment are included for purposes of convenience only, and shall not affect the construction or interpretation of any of its provisions. The parties acknowledge that they have had sufficient opportunity to review this Assignment and to retain an attorney for the purposes of having this document reviewed and receiving legal advice regarding its contents, and that this document is a jointly created document and, regardless, hereby waive all rights to have any part or all of this Assignment interpreted against the interests of the party because of that party's role in drafting all or part of this Assignment.

11. **Counterparts.** This Assignment may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

Assignor Initials: _____

Assignee Initials: _____

12. **Severability.** In the event any paragraph, or paragraphs, or this Assignment shall be declared to be illegal or otherwise unenforceable then, nevertheless, all the remaining provisions of this Assignment shall remain in full force and effect.

13. **Waiver of Jury Trial.** The Assignor and Assignee knowingly, voluntarily and intentionally waive the right either may have to a trial by jury in respect of any litigation based on, or arising out of, under or in connection with this Assignment, the Note, the Guaranty, or any other loan document and any other agreement executed or contemplated to be executed in conjunction herewith, or arising out of, under, or in connection with any course of conduct, course of dealing, statements (whether verbal or written) or actions of either party, whether in connection with the making of the enforcement of this Assignment or otherwise. This provision is a material inducement for the Assignor to enter into this Assignment.

IN WITNESS WHEREOF, the Assignor and Assignee have entered into this Assignment on October 1st, 2009.

ASSIGNOR:

LONDON MERIDIAN
INTERNATIONAL, LLC

By: _____
    Matthew D. Merdian, Member-Manager

ASSIGNEE:

Entity Name:_____
State of Organization:_____
FEIN:_____

By: _____
Print Name: GERALD SAMUELS
Print Title:_____

10/04/09

Assignor Initials: _____
Assignee Initials: GS